UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | Case No. 06-CR-20055 |
| ) | |
| **BRIAN K. WASSON,** ) | |
| ) | |
| **Defendant.** ) | |

## OPINION

This case is before the court for ruling on the Motions to Dismiss (#67, #68) filed by Defendant, Brian K. Wasson. This court has carefully considered Defendant's Motions and the oral argument presented to this court on February 12, 2009. Following this careful consideration, Defendant's Motions (#67, #68) are DENIED.

### BACKGROUND

On August 22, 2008, a telephone status conference was held in this case. At the conference, the Government moved to continue the trial scheduled for September 22, 2008, and set out its reasons for requesting the continuance. Defendant stated that he had no objection. This court then granted the Government's motion and a jury trial was scheduled for March 2, 2009. This court then made a specific finding that the ends of justice were met pursuant to 18 U.S.C. § 3161(h)(8)(A) and that the time from August 22, 2008 to March 2, 2009 was excluded from the Speedy Trial Act calculation. This court also stated that Defendant's bond remained in effect.

On December 5, 2008, another telephone status conference was held. This court stated that the jury trial remained scheduled for March 2, 2009. This court stated that the Government's Santiago proffer was due by February 2, 2009, and any objections by Defendant were due by February 9, 2009. This court stated that any pretrial motions were due by January 16, 2009, and

responses were due by January 30, 2009. This court also set deadlines for proposed voir dire questions, jury instructions, and exhibit and witness lists. This court also stated that Defendant's bond remained in effect.

Defendant filed a Motion in Limine (#60) on January 16, 2009, the deadline for pretrial motions. The Government filed a Response (#62) on January 30, 2009, and this court entered an Order (#65) denying the Motion as moot. On February 2, 2009, the Government filed its Santiago Proffer (#64). On February 6, 2009, a telephone status conference was held and Defendant's counsel informed this court that Defendant requested to waive his right to a jury trial and proceed to a bench trial. This court stated that Defendant's request would be addressed at the final pretrial conference scheduled on February 12. This court noted that a written jury trial waiver would need to be executed by Defendant.

On February 9, 2009, Defendant filed his Response to the Government's Santiago proffer (#66). Defendant also filed a Motion to Dismiss based upon a violation of his speedy trial rights (#67). On February 10, 2009, Defendant filed a Memorandum of Law and Supplementary Motion to Dismiss based on Speedy Trial Violation (#68).

In his Motions and Memorandum, Defendant argued that the lengthy delay between the date of the original indictment in this case, September 8, 2006, and the date currently set for trial, March 2, 2009, violated Defendant's right to a speedy trial under the Speedy Trial Act and the Fifth and Sixth Amendments to the United States Constitution. Defendant contended that the "delay of years" prejudiced him "due to the death of co-defendant Starns, whose presence at trial could have bolstered Defendant's case." (The record shows that Joseph Starns died on August 16, 2007). Defendant conceded that a total of 247 days are "excludable" from computing the Speedy Trial time limits because those days elapsed while motions were pending in this case. Defendant also

conceded that this court granted seven continuances in this case and stated, on each occasion, that the time was excluded under 18 U.S.C. § 3161(h)(8). Defendant argued, however, that this court failed to enter findings of fact and conclusions of law as to why it granted the seven continuances. Defendant argued that, based upon Zedner v. United States, 547 U.S. 489 (2006) and United States v. Janik, 723 F.2d 537 (7th Cir. 1983), this court's ends of justice findings were not sufficient to exclude the continuance time from the Speedy Trial Act calculation. Defendant argued that the third superseding indictment against him must be dismissed with prejudice.

During oral argument, Defendant clarified that his argument that his constitutional right to a speedy trial was violated was based upon the Government's Santiago proffer which stated that Defendant's criminal conduct began in 1994 and continued until 2003. Defendant argued that the Government's long delay in seeking an indictment against him violated his constitutional speedy trial rights. Defendant admitted that he had no authority to cite in support of this argument except for the constitution itself.

The Government argued that Defendant is estopped from making an argument that his speedy trial rights have been violated because Defendant agreed to all of the continuances granted in this case. The Government, citing Zedner, argued that estoppel applies when a defendant's later position is inconsistent with his earlier position. See Zedner, 547 U.S. at 504.

ANALYSIS

This court first notes that Defendant's Motion to Dismiss was not filed by the pretrial motion deadline set by this court. There is certainly nothing in the motion that was not known by Defendant as of January 16, 2009, the deadline for pretrial motions set by this court. This court will nevertheless consider Defendant's arguments.

The Speedy Trial Act provides that no more than 70 days may elapse between arraignment

and the commencement of trial. 18 U.S.C. § 3161(c)(1). However, certain periods of time between arraignment and trial are excluded from the Speedy Trial calculation. United States v. Larson, 417 F.3d 741, 744-45 (7th Cir. 2005). Importantly, the Act provides that "[a]ny period of delay resulting from a continuance . . . [is excluded] if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." Larson, 417 F.3d at 745, quoting 18 U.S.C. § 3161(h)(8)(A). Absent legal error, exclusions of time cannot be reversed except where there is an abuse of discretion by the court and a showing of actual prejudice. Larson, 417 F.3d at 745.

In Zedner, the United States Supreme Court confronted a situation where the defendant signed a blanket, prospective waiver of his rights under the Speedy Trial Act. Zedner, 547 U.S. at 492. The Court concluded that a defendant may not prospectively waive the application of the Act so that the defendant's waiver "for all time" was ineffective. Zedner, 547 U.S. at 503. The Court went on to conclude that time was not excluded when the district court granted a continuance. Zedner, 547 U.S. at 507. The Court stated that "without on-the-record findings, there can be no exclusion under § 3161(h)(8)(A)." Zedner, 547 U.S. at 507. The Court stated that "§ 3161(h)(8)(A) is not satisfied by the District Court's passing reference to the case's complexity and its ruling on [the defendant's] motion to dismiss." Zedner, 547 U.S. at 507; see also Janik, 723 F.2d at 544 (district court made no ends of justice findings at the time the continuance was granted).

In United States v. Lucas, 499 F.3d 769 (8th Cir. 2007), cert. denied, 128 S. Ct. 1702 (2008), the defendant, like Defendant here, argued that the district court's ends of justice findings were insufficient based upon Zedner. The Eighth Circuit rejected this argument. The court noted that the district court made explicit findings to support its ends of justice continuance and balanced the ends of justice and the interests of the parties and the public. Lucas, 499 F.3d at 782-83. The court

stated:

> While there could have been more detailed findings, its order was sufficient to show compliance with the Act, particularly in the context of the government's stated reasons for requesting the continuance. This record is unlike the situation in Zedner where the district court "made no mention of the Act and did not make any findings to support exclusion."

Lucas, 499 F.3d at 783.

In this case, each time a continuance was granted, specific reasons were given for the requested continuance and this court made findings, citing 18 U.S.C. § 3161(h)(8)(A), that the ends of justice served by taking such action outweighed the best interest of the public and Defendant in a speedy trial. Therefore, this court concludes that the record adequately includes the reasons for granting the continuance and the balancing of the ends of justice and the interests of the parties and the public.

This court further notes that there was agreement from the beginning that this is a complex case involving a huge number of exhibits which would require a lengthy period of time for trial preparation. This is amply demonstrated by the Government's Exhibit List (#71) which is 72 pages long and lists 1031 exhibits. Defendant either requested or did not object to each continuance and has conceded that every continuance in this case was accompanied by an ends of justice finding by this court. This court therefore concludes that no violation of the Speedy Trial Act has occurred in this case. See United States v. Rollins, 544 F.3d 820, 830 (7th Cir. 2008) (no Speedy Trial Act violation in complex case where ends of justice finding was made prior to Defendant's motion to dismiss indictment for violation of the Act).

In addition, this court notes that Defendant's last minute Motion to Dismiss, filed after the deadline for filing pretrial motions, filed almost one and one-half years after the death of co-defendant Starns, and filed despite the fact that Defendant either requested or had no objection to any of the continuances granted by this court appears to be the kind of "sandbagging" the Seventh Circuit recognized was unfair in Larson.  See Larson, 417 F.3d at 746.  The court in Larson quoted United States v. Baskin-Bey, 45 F.3d 200, 204 (7th Cir. 1995) where the court stated "it is unfair of [the defendant] to ask that the trial be delayed to suit her, implicitly agree to the government's request that time be excluded because of her request, and then try to sandbag the government by insisting that the time be counted against the speedy trial clock."

For all of the reasons stated, this court concludes that Defendant's rights under the Speedy Trial Act have not been violated.  This court further concludes that Defendant has not shown that his constitutional right to a speedy trial has been violated in any way.

IT IS THEREFORE ORDERED THAT:

(1) Defendant's Motions to Dismiss (#67, #68) are DENIED.

(2) This case is scheduled for a bench trial to commence on March 2, 2009, at 9:00 a.m.

ENTERED this 13th day of February, 2009

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE