**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**URBANA DIVISION**

---

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | **Case No. 06-CR-20055** |
| ) | |
| **BRIAN K. WASSON,** ) | |
| ) | |
| **Defendant.** ) | |

## OPINION

On May 2, 2007, Defendant, Brian K. Wasson, was charged in a third superseding indictment (#28) with one count of conspiracy to defraud the United States, in violation of 18 U.S.C. § 371, and seven counts of aiding the filing of a false tax return, in violation of 26 U.S.C. § 7206(2). Defendant was charged along with two co-defendants, Joseph Starns and John Wolgamot. Starns died on August 16, 2007, and all pending charges against him were dismissed on September 5, 2007. On August 21, 2008, pursuant to a written plea agreement (#57), Wolgamot plead guilty to count 6 of the third superseding indictment, which charged him with aiding the filing of a false tax return. Defendant Wasson proceeded to a bench trial which commenced on March 2, 2009, and concluded on March 17, 2009.

Following the bench trial, Defendant filed a pro se Motion to Dismiss the Third Superseding Indictment (#92) and the Government filed a Response to Defendant's pro se Motion to Dismiss (#95). Following this court's careful and thorough consideration of the arguments presented, Defendant's pro se Motion to Dismiss (#92) is DENIED.

### PRIOR MOTION TO DISMISS

On February 9, 2009, Defendant, through his counsel, filed a Motion to Dismiss based upon

a violation of his speedy trial rights (#67). On February 10, 2009, Defendant filed a Memorandum of Law and Supplementary Motion to Dismiss based on Speedy Trial Violation (#68). In his Motion and Memorandum, Defendant argued that the lengthy delay between the date of the original indictment in this case, September 8, 2006, and the date set for trial, March 2, 2009, violated Defendant's right to a speedy trial under the Speedy Trial Act and the Fifth and Sixth Amendments to the United States Constitution. Defendant contended that the "delay of years" prejudiced him "due to the death of co-defendant Starns, whose presence at trial could have bolstered Defendant's case." Defendant conceded that a total of 247 days were "excludable" from computing the Speedy Trial time limits because those days elapsed while motions were pending in this case. Defendant also conceded that this court granted seven continuances in this case and stated, on each occasion, that the time was excluded under 18 U.S.C. § 3161(h)(8). Defendant argued, however, that this court failed to enter findings of fact and conclusions of law as to why it granted the seven continuances. Defendant argued that, based upon <u>Zedner v. United States</u>, 547 U.S. 489 (2006) and <u>United States v. Janik</u>, 723 F.2d 537 (7th Cir. 1983), this court's ends of justice findings were not sufficient to exclude the continuance time from the Speedy Trial Act calculation. Defendant argued that the third superseding indictment against him must be dismissed with prejudice.

During oral argument, Defendant's counsel clarified that his argument that Defendant's constitutional right to a speedy trial was violated was based upon the Government's Santiago proffer which stated that Defendant's criminal conduct began in 1994 and continued until 2003. Defendant argued that the Government's long delay in seeking an indictment against him violated his constitutional speedy trial rights. Defendant admitted that he had no authority to cite in support of this argument except for the constitution itself.

The Government argued that Defendant was estopped from making an argument that his speedy trial rights were violated because Defendant agreed to all of the continuances granted in this case. The Government, citing Zedner, argued that estoppel applies when a defendant's later position is inconsistent with his earlier position. See Zedner, 547 U.S. at 504.

On February 13, 2009, this court entered an Opinion (#74). This court noted the following procedural history. On August 22, 2008, a telephone status conference was held in this case. At the conference, the Government moved to continue the trial scheduled for September 22, 2008, and set out its reasons for requesting the continuance. Defendant stated that he had no objection. This court then granted the Government's motion and a jury trial was scheduled for March 2, 2009. This court made a specific finding that the ends of justice were met pursuant to 18 U.S.C. § 3161(h)(8)(A) and that the time from August 22, 2008, to March 2, 2009, was excluded from the Speedy Trial Act calculation. This court also stated that Defendant's bond remained in effect. On December 5, 2008, a status conference was held and this court set a deadline of January 16, 2009, for pretrial motions. On February 6, 2009, a telephone status conference was held and Defendant's counsel informed this court that Defendant requested to waive his right to a jury trial and proceed to a bench trial. On February 9, 2009, Defendant filed his Motion to Dismiss.

This court noted that the Speedy Trial Act provides that no more than 70 days may elapse between arraignment and the commencement of trial. 18 U.S.C. § 3161(c)(1). However, certain periods of time between arraignment and trial are excluded from the Speedy Trial calculation. United States v. Larson, 417 F.3d 741, 744-45 (7th Cir. 2005). Importantly, the Act provides that "[a]ny period of delay resulting from a continuance . . . [is excluded] if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action

outweigh the best interest of the public and the defendant in a speedy trial." Larson, 417 F.3d at 745, quoting 18 U.S.C. § 3161(h)(8)(A). Absent legal error, exclusions of time cannot be reversed except where there is an abuse of discretion by the court and a showing of actual prejudice. Larson, 417 F.3d at 745.

This court stated that, in Zedner, the United States Supreme Court confronted a situation where the defendant signed a blanket, prospective waiver of his rights under the Speedy Trial Act. Zedner, 547 U.S. at 492. The Court concluded that a defendant may not prospectively waive the application of the Act so that the defendant's waiver "for all time" was ineffective. Zedner, 547 U.S. at 503. The Court went on to conclude that time was not excluded when the district court granted a continuance. Zedner, 547 U.S. at 507. The Court stated that "without on-the-record findings, there can be no exclusion under § 3161(h)(8)." Zedner, 547 U.S. at 507. The Court stated that "§ 3161(h)(8)(A) is not satisfied by the District Court's passing reference to the case's complexity in its ruling on [the defendant's] motion to dismiss." Zedner, 547 U.S. at 507; see also Janik, 723 F.2d at 544 (district court made no ends of justice findings at the time the continuance was granted).

This court then stated that, in United States v. Lucas, 499 F.3d 769 (8th Cir. 2007), cert. denied, 128 S. Ct. 1702 (2008), the defendant, like Defendant here, argued that the district court's ends of justice findings were insufficient based upon Zedner. The Eighth Circuit rejected this argument. The court noted that the district court made explicit findings to support its ends of justice continuance and balanced the ends of justice and the interests of the parties and the public. Lucas, 499 F.3d at 782-83. The court stated:

> While there could have been more detailed findings, its order was sufficient to show compliance with the Act, particularly in the

>context of the government's stated reasons for requesting the continuance. This record is unlike the situation in Zedner where the district court "made no mention of the Act and did not make any findings to support exclusion."

Lucas, 499 F.3d at 783.

This court stated that, in this case, each time a continuance was granted, specific reasons were given for the requested continuance and this court made findings, citing 18 U.S.C. § 3161(h)(8)(A), that the ends of justice served by taking such action outweighed the best interest of the public and Defendant in a speedy trial. Therefore, this court concluded that the record adequately included the reasons for granting the continuance and the balancing of the ends of justice and the interests of the parties and the public.

This court further noted that there was agreement from the beginning that this was a complex case involving a huge number of exhibits which would require a lengthy period of time for trial preparation. This court stated that this was amply demonstrated by the Government's Exhibit List (#71) which was 72 pages long and listed 1031 exhibits. This court also stated that Defendant either requested or did not object to each continuance and conceded that every continuance in this case was accompanied by an ends of justice finding by this court. This court therefore concluded that no violation of the Speedy Trial Act has occurred in this case. See United States v. Rollins, 544 F.3d 820, 830 (7th Cir. 2008) (no Speedy Trial Act violation in complex case where ends of justice finding was made prior to Defendant's motion to dismiss indictment for violation of the Act).

In addition, this court noted that Defendant's last minute Motion to Dismiss, filed after the deadline for filing pretrial motions, filed almost one and one-half years after the death of co-

defendant Starns, and filed despite the fact that Defendant either requested or had no objection to any of the continuances granted by this court appeared to be the kind of "sandbagging" the Seventh Circuit recognized was unfair in Larson.  See Larson, 417 F.3d at 746.  The court in Larson quoted United States v. Baskin-Bey, 45 F.3d 200, 204 (7th Cir. 1995) where the court stated "it is unfair of [the defendant] to ask that the trial be delayed to suit her, implicitly agree to the government's request that time be excluded because of her request, and then try to sandbag the government by insisting that the time be counted against the speedy trial clock."

This court concluded, for all of the reasons stated, that Defendant's rights under the Speedy Trial Act have not been violated.  This court further concluded that Defendant had not shown that his constitutional right to a speedy trial has been violated in any way.  As noted previously, Defendant's case then proceeded to a bench trial in March 2009.[1]

PRO SE MOTION TO DISMISS

On July 29, 2009, Defendant filed a pro se Motion for Leave to File Pro Se Motion (#92). Defendant attached a pro se Motion for Reconsideration or, in the alternative, to Dismiss the Third Superseding Indictment (#92).  In his pro se Motion, Defendant argued that this court did not place reasons on the record explaining why it granted a continuance of August 22, 2008, so that the time from that date to the date of the bench trial was not excluded from the speedy trial clock.  Defendant attached a copy of the transcript from the August 22, 2008, status conference.  He argued that the transcript shows that the main reason a continuance was granted was because the assistant United States Attorney handling the case was joining a detail in Washington, DC, concerning detainee litigation at Guantanamo Bay.  Defendant argued that this court should not have allowed such a

---

[1]  A written Waiver of Jury Trial (#73), signed by Defendant, Defendant's counsel, and the assistant United States Attorney handling the case, was filed on February 12, 2009.

lengthy continuance requested by the Government. Defendant also argued that this court did not make explicit findings adequate to show that the ends of justice were served by granting the continuance requested by the Government, arguing that this court did not make an independent inquiry or conduct an ends of justice "balancing test" by balancing the ends of justice on the one hand and the interest of the public and Defendant in a speedy trial on the other.

On July 30, 2009, a status conference was held and this court directed the Government to respond to Defendant's pro se Motion by August 28, 2009. On August 28, 2009, the Government filed its Response to Defendant's pro se Motion to Dismiss (#95). The Government argued that Defendant's Motion to Dismiss should be denied for three reasons. First, Defendant is represented by counsel so that it is inappropriate for him to file a pro se Motion. Second, Defendant's Motion to Dismiss is untimely because the trial began months before he filed his Motion to Dismiss. For its third reason, the Government argued that Defendant was attempting to do nothing more than relitigate the claims this court rejected long ago, when it issued its Opinion denying the Motion to Dismiss filed by Defendant's counsel. This court agrees with the Government that Defendant's pro se Motion must be denied.

This court first notes that the transcript attached to Defendant's pro se Motion includes some details which Defendant, tellingly, omitted from his discussion and argument. When the prosecutor requested a continuance, he stated that he spoke to Defendant's counsel and "neither [Defendant's counsel] nor the defendant object" to the motion for a continuance. The transcript shows that there was a discussion of the fact that Wolgamot plead guilty the day before the status hearing and would be testifying at trial. Defendant's counsel explained that they actually had "been talking about the possibility of continuing the trial for a couple weeks, I think ever since Mr. Wolgamot's plea became

a real possibility." Defendant's counsel stated:

> I don't think it's too dramatic to say that his plea profoundly affects our case. We have, as you know, quite a bit of discovery. I don't have to review it all; but what I have, I probably have to now review with an eye toward Mr. Wolgamot not being a defendant. So it took quite a bit of time to get through the 25,000 pages. And so the short answer is: It would be very difficult for us to go to trial in just a few weeks, given [Wolgamot's] plea.

Defendant's counsel then discussed the fact that another prosecution witness, David Dillon, was expected to plead guilty the following week. The prosecutor confirmed that Dillon was expected to plead guilty and was a potential witness for the Government so that there would be additional discovery arising from Dillon's guilty plea and interviews with the Government. This court stated that "now I can see why [Defendant's counsel] was about ready to come before the Court and say, 'Look, I need a continuance from the current trial schedule because of these changing complexities in the case.'"

At the August 22, 2008, status conference, this court addressed Defendant directly and stated that his counsel "certainly makes a strong case as to why he would have been here seeking a continuance anyway with the changing complexity of the case." This court then asked Defendant "[d]o you have any objection to the government's motion to continue?" Defendant responded "[n]ot, not if my attorney doesn't, Your Honor." This court then told Defendant, " I just wanted to make sure that you understood that the Court was willing to listen to your situation, Mr. Wasson." This court stated that Defendant's counsel "believes it's in your best interests that all of these

additional matters be fully researched by him and reviewed with you; and at the short, he would have been seeking a continuance because of the Wolgamot/Dillon situation." This court then noted that the Government's motion was unobjected to and granted the motion. Following this lengthy discussion regarding why the continuance was desired by both the Government and Defendant, this court then made an ends of justice finding and stated that "the period of delay from today's date to and including March 2, 2009, will be excluded from those time limits for commencing trial." This court then had a further direct discussion with Defendant regarding the time of the next status conference. Defendant raised no objection or concerns about continuing the trial to March 2.

Based upon this record, this court concludes that Defendant has not shown that this court's prior ruling denying his counsel's Motion to Dismiss was incorrect. After reviewing the transcript provided by Defendant, this court remains convinced that the time between the status conference on August 22, 2008 and the bench trial on March 2, 2009, was properly excluded from the speedy trial clock.

This court also agrees with the Government that it was inappropriate for Defendant, who is represented by counsel, to file a Motion to Dismiss raising arguments already raised by his counsel and rejected by this court. See McKaskle v. Wiggins, 465 U.S. 168, 183 (1984) (trial court not required to permit "hybrid" representation where Defendant accepts his counsel's representation as to some matters but wants to represent himself as to others); Cain v. Peters, 972 F.2d 748, 750 (7th Cir. 1992) ("[r]epresentation by counsel and self-representation are mutually exclusive entitlements, in light of the Supreme Court's statement in McKaskle that the sixth amendment does not create a right to hybrid representation). "When as in the usual case the defendant is represented by a lawyer, the fact of representation is taken to be the defendant's waiver of his right to represent himself, since

"representation by counsel and self-representation are mutually exclusive entitlements." <u>United States v. Johnson</u>, 223 F.3d 665, 668 (7th Cir. 2000), quoting <u>Cain</u>, 972 F.2d at 750. Because Defendant is represented by counsel, he is not entitled to have this court consider his pro se Motion. <u>See</u> <u>United States v. Traeger</u>, 289 F.3d 461, 471 (7th Cir. 2002); <u>United States v. Johns</u>, 2008 WL 905866, at *1 (S.D. Ill. 2008) (a "defendant does not have a right to file his own motions when he is represented by counsel"). Because of these conclusions, this court does not need to address the Government's additional argument that Defendant's pro se Motion is untimely.

This court notes that, on August 10, 2009, Defendant, through counsel, filed a Motion for Leave to File a Reply to the Government's Response (#93). This court concludes, however, that the issues have been thoroughly addressed in Defendant's prior Motion to Dismiss, filed by counsel, and his current pro se Motion to Dismiss. Because this court concludes that the parties have exhaustively addressed the pertinent issues, Defendant's Motion for Leave to File a Reply (#93) is DENIED.

IT IS THEREFORE ORDERED THAT:

(1) Defendant's pro se Motion to Dismiss Third Superseding Indictment (#92) is DENIED.

(2) Defendant's Motion for Leave to File Reply (#93) is DENIED.

(3) The issue of whether the Government proved Defendant guilty beyond a reasonable doubt at the bench trial held in this case remains pending and will be decided by this court in due course.

ENTERED this 20th day of November, 2009

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE