UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

---

| | |
|---|---|
| **UNITED STATES OF AMERICA,**   ) | |
| ) | |
| **Plaintiff,**   ) | |
| v.   ) | **Case No. 06-CR-20055** |
| ) | |
| **BRIAN K. WASSON,**   ) | |
| ) | |
| **Defendant.**   ) | |

## OPINION

This case is before the court for ruling on Defendant's Renewed Motion for Acquittal (#104), Defendant's Motion for a New Trial (#105), and Defendant's Motion for Oral Argument or, in the Alternative, for a Briefing Schedule (#136). Following this court's careful and thorough consideration of the arguments of the parties, Defendant's Motions (#104, #105, #136) are DENIED.

### BACKGROUND

On December 4, 2009, this court entered an Opinion (#102) following a bench trial. Following a lengthy and detailed analysis of the evidence presented at the bench trial, this court found Defendant, Brian K. Wasson, guilty of one count of conspiracy to defraud the United States, in violation of 18 U.S.C. § 371, and six counts of aiding the filing of a false tax return, in violation of 26 U.S.C. § 7206(2).

On December 15, 2009, Defendant filed a Renewed Motion for Acquittal (#104) and a Motion for New Trial (#105). In his Renewed Motion for Acquittal, Defendant argued that the evidence presented at trial did not support this court's finding that Defendant was guilty of the charged offenses. Defendant argued that "[b]eing a salesman for Aegis does not make Defendant necessarily liable for the shortcomings of Aegis or make him part of a conspiracy." Defendant also

argued that this court's reliance on Seventh Circuit precedent regarding the required elements of the conspiracy offense was misplaced based upon United States v. Bishop, 412 U.S. 346, 360 (1973). In addition, Defendant contended that the Government did not provide sufficient evidence to prove the first element of the conspiracy, an agreement to accomplish an illegal objective against the United States. Defendant noted that various professionals, lawyers and accountants, who are Defendant's alleged co-conspirators, felt at one time that the Aegis system was legal. Defendant argued that there was no evidence presented that these professionals ever expressed a contrary opinion to Defendant. Defendant argued that the evidence of his actions was "consistent with a person defending his rights and the rights of his clients against arbitrary action by the IRS." Defendant then cited to evidence presented at trial which, he concluded, showed that he had a sincere belief in the legality of the Aegis system and was just trying to protect his clients from harassment from the IRS. Defendant argued that his "view of the legality of the Aegis system was confirmed, not diminished, by all of these events."

In his Motion for a New Trial, Defendant argued that this court erred in ruling that the Government presented sufficient evidence of the existence of a conspiracy so that the hearsay evidence presented by the Government was properly admitted at trial. Defendant argued that this court therefore allowed inadmissible evidence to be presented at the bench trial. Defendant also argued that this court erred in denying Defendant's request for an opportunity to respond to the Government's closing brief.

On January 15, 2010, the Government filed its Response to Defendant's Renewed Motion for Judgment of Acquittal and Motion for New Trial (#106). The Government contended that Defendant's argument that this court's statement regarding the elements of a conspiracy is in conflict

with Bishop is without merit based upon the Seventh Circuit's ruling in United States v. Cyprian, 23 F.3d 1189, 1201 (7th Cir. 1994). The Government also argued that Defendant's argument that the evidence was not sufficient to support this court's finding of guilty because Defendant and others thought the Aegis system was "legal" is "nothing more than a repeat of the defendant's original and empty argument." The Government stated that, "[a]s set forth in extensive detail in the government's closing argument, it was the defendant's actions over the course of several years, including actions following repeated warnings to him of the risk of criminal liability, that established his intent to conspire with others and to willfully violate the federal tax laws." The Government argued that the evidence, as this court found, overwhelmingly established Defendant's guilt so that Defendant's renewed motion for judgment of acquittal should be denied. As far as Defendant's Motion for a New Trial, the Government argued that this court's evidentiary ruling on the admissibility of co-conspirator statements was correct so there is no basis to conclude that a new trial is necessary. The Government also argued that this court did not err in denying Defendant's motion for leave to file a reply brief because, as this court concluded, Defendant had nearly seven months to present his arguments to the court, the case was thoroughly briefed, and Defendant provided no reason why a reply brief was necessary. The Government pointed out that Defendant did have an opportunity to file a response to the Government's argument by filing his Renewed Motion for Acquittal.

On January 20, 2010, Defendant filed a Motion for Oral Argument or, in the Alternative, for a Briefing Schedule (#136). Defendant argued that "[t]aken literally, the Government seems to be arguing that no *scienter* is required for a conviction under 18 U.S.C. [§] 371." Defendant also argued that the Government had not directly confronted his argument that he had a good faith belief

that he was not violating the law. Defendant asked this court to "[s]et a hearing for oral argument on these issues so that the parties can provide the Court a more complete discussion of the issues" or, in the alternative, set a briefing schedule on the issues or allow Defendant to reply to the Government's Response.

## ANALYSIS

### MOTION FOR ORAL ARGUMENT OR BRIEFING SCHEDULE

This court has carefully considered Defendant's arguments. This court notes that the issues of intent and Defendant's good faith belief have been thoroughly argued and were ruled on in this court's lengthy Opinion (#102). In finding Defendant guilty of conspiracy, this court specifically found that Defendant had the intent to defraud the United States and that Defendant did not have a good faith belief that what he was doing was in accord with the tax statutes. If Defendant believes this court does not understand his arguments, he is incorrect. It appears that Defendant wants to continue arguing the same points until such time as this court agrees with him. This court, however, does not need to allow a party to raise the same arguments over and over again. This court therefore concludes that this case has been thoroughly and completely briefed by the parties, especially considering Defendant's lengthy arguments regarding his Renewed Motion for Acquittal. This court concludes that no oral argument or additional briefing is necessary in this case. Defendant's Motion (#136) is DENIED.

### RENEWED MOTION FOR ACQUITTAL

In his Renewed Motion for Acquittal, Defendant has raised some interesting and well-argued points regarding his interpretation of the evidence presented at trial. This court has carefully reviewed the evidence cited by Defendant and has thoroughly considered Defendant's arguments.

Following this careful and thorough consideration, this court concludes that it accurately set out the applicable law, which is not in any way undermined by Defendant's citation of Bishop. See United States v. Cyprian, 23 F.3d 1189, 1201 (7th Cir. 1994) (the holding of Bishop regarding "willfulness" as an element for liability was not applicable to § 371). It appears that Defendant is arguing that Cyprian was wrongly decided and this court should not follow United States v. Furkin, 119 F.3d 1276, 1279 (7th Cir. 1997), which relied upon Cyprian. This court believes that Cyprian and Furkin have stated the law accurately and further notes that, as a district court sitting in the Seventh Circuit, it is obligated to follow Seventh Circuit precedent. In addition, this court again concludes that the evidence presented by the Government at the bench trial was more than sufficient to show that Defendant was confronted on numerous occasions with warnings and "red flags" regarding the illegality of the Aegis system. This court therefore rejects Defendant's arguments and reaffirms its findings that Defendant had the intent to defraud the United States and that Defendant did not have a good faith belief that what he was doing was in accord with the tax statutes. Defendant's Renewed Motion for Acquittal (#104) is DENIED.

## MOTION FOR A NEW TRIAL

This court agrees with the Government that the evidence presented at the bench trial was more than sufficient to establish the existence of a conspiracy. Therefore, this court rejects Defendant's argument that this court erred when it admitted co-conspirator statements at trial. This court also rejects Defendant's argument that he is entitled to a new trial because this court did not allow his request to file a reply brief. This court concludes that the issues in this case have been thoroughly briefed and Defendant has had ample opportunity to present his arguments to this court. For the reasons stated, Defendant's Motion for a New Trial (#105) is DENIED.

IT IS THEREFORE ORDERED THAT:

(1) Defendant's Renewed Motion for Acquittal (#104) is DENIED.

(2) Defendant's Motion for a New Trial (#105) is DENIED.

(3) Defendant's Motion for Oral Argument or, in the Alternative, a Briefing Schedule (#136) is DENIED.

(4) This case remains scheduled for sentencing on March 26, 2010, at 9:00 a.m.  As a condition of his bond, Defendant is required to appear for sentencing on that date, prepared to surrender to the United States Marshal's service.

ENTERED this 25th day of January, 2010

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE